IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MONICA MARCHETTI-BROCK, *Plaintiff,* v. CITY OF PHILADELPHIA, *Defendant.* | CIVIL ACTION NO. 25-6792 |

Pappert, J.                                                              April 8, 2026

**MEMORANDUM**

After Monica Marchetti-Brock was fired from her municipal job, she sued the City of Philadelphia alleging sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance. She also alleges, pursuant to 42 U.S.C. § 1983, the City violated her rights under the Constitution's Equal Protection Clause. The City moves to dismiss the § 1983 claim. The Court denies the motion in part and grants it in part. Marchetti-Brock sufficiently alleges a policy of discrimination but fails to allege the City maintained an unconstitutional custom of tolerating sex discrimination in its Department of Labor.

I

In November of 2022, Marchetti-Brock worked as a deputy director within the City's Department of Labor. (Compl. ¶¶ 7, 19–26, Dkt. No. 1.) After she learned the director of labor was resigning, she emailed then-Mayor James Kenney's chief of staff, expressing interest in the director position. (*Id.* ¶¶ 26, 32.) But Mayor Kenney gave

1

the job to a man, Basil Merenda.  *See* (*id.* ¶¶ 33–36).  Marchetti-Brock later learned

Mayor Kenney "wanted a male employee" to lead the department.  (*Id.* ¶ 31.)

As director, Merenda allegedly treated his female subordinates, including

Marchetti-Brock, in a "hostile and dismissive manner."  (*Id.* ¶ 41.)  Among other things,

he ignored Marchetti-Brock, excluded her from meetings, yelled at her and unjustly

criticized her.  *See* (*id.* ¶¶ 41–50).  Marchetti-Brock eventually complained about

Merenda's treatment of her and women generally, (*id.* ¶¶ 51–54), and after an

investigation, the City concluded Merenda and Marchetti-Brock had "personality and

leadership conflicts," (*id.* ¶ 58).

Around October of 2023, Marchetti-Brock learned Merenda was being promoted.

(*Id.* ¶ 61.)  A few months later, she again applied to be the director of labor, (*id.* ¶ 62),

but Mayor Kenney again selected a man, Perritti Divirgilio, for the job, (*id.* ¶ 68).

Marchetti-Brock was eventually fired in March of 2024, (*id.* ¶ 83), because the Mayor's

Office was "going in a different direction," (*id.* ¶ 84).

Marchetti-Brock sued the City, alleging sex discrimination under Title VII, 42

U.S.C. § 1983, the Pennsylvania Human Relations Act and the Philadelphia Fair

Practices Ordinance.  She claims the City failed to promote her, and subjected her to a

hostile work environment, on the basis of sex and then fired her because she

complained about Merenda's treatment of her and women in the workplace.

## II

The Court assesses the sufficiency of a pleading before discovery under Federal

Rules of Civil Procedure 8 and 12.  Rule 8(a)(2) provides that a complaint "must contain

. . . a short and plain statement of the claim showing that the pleader is entitled to

2

relief." Fed. R. Civ. P. 8(a)(2). And Rule 12(b)(6) permits a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted." *Id.* 12(b)(6). Taken together, the two rules require a plaintiff to allege sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The first step in determining whether a plaintiff has stated a plausible claim is to "tak[e] note of the elements" underlying her claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Santiago v. Warminster Township*, 629 F.3d 121, 129–30 (3d Cir. 2010). The second step is to examine the plaintiff's complaint and determine whether the factual allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Plausibility requires the plaintiff to plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The reasonableness of an inference depends on common sense and the strength of competing explanations for the defendant's conduct. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016); *Iqbal*, 556 U.S. at 682. Plaintiffs do not meet the plausibility burden when the facts alleged are "merely consistent with a defendant's liability" or show nothing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). In gauging the plausibility of a claim, the Court must accept as true all well-pleaded factual allegations, construe those facts in the light most favorable to the plaintiff, and draw reasonable inferences from them. *Connelly*, 809 F.3d at 786 n.2.

III

Marchetti-Brock claims the City denied her equal protection of the laws. (Compl. ¶ 120.)  Section 1983 does not allow a plaintiff to hold a municipality automatically liable for the unconstitutional actions of its employees under a theory of vicarious liability.  *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 591 (1978).  A plaintiff can hold a municipality liable "only for [its] *own* illegal acts."  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation omitted).  When a municipal officer harms a private party, therefore, that party must connect the officer's conduct to a municipal policy or custom.  *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).  Marchetti-Brock claims a city policymaker discriminated against her on the basis of sex, *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989); *Porter v. City of Philadelphia*, 975 F.3d 374, 383 (3d Cir. 2020); *McGreevy v. Stroup*, 413 F.3d 359, 367–68 (3d Cir. 2005), and knowingly acquiesced in an unconstitutional custom of sex discrimination that led to her injuries, *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480–81 (3d Cir. 1990).

A

Marchetti-Brock first claims Mayor Kenney failed to promote her on the basis of sex.  (Pl.'s Mem. of L. in Supp. of Opp'n to Def.'s Mot. to Dismiss at 8–9, Dkt. No. 13.) To state such a claim, she must show Mayor Kenney is a policymaker, *Fletcher*, 867 F.2d at 793, and engaged in "purposeful discrimination," *Andrews*, 895 F.2d at 1478.

A policymaker is an official with final, unreviewable discretion to make a decision.  *Id.* at 1481.  Marchetti-Brock alleges Mayor Kenney had final, unreviewable

authority to promote individuals within the City's Department of Labor. *See, e.g.*, (Compl. ¶ 66). Thus, he qualifies as a policymaker.

To show purposeful discrimination, Marchetti-Brock must allege she received different treatment from that received by other individuals similarly situated and that any disparate treatment was based on her gender. *Andrews*, 895 F.2d at 1478; *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009). There must be some "indicia of purposeful discrimination." *Commonwealth of Pa. v. Flaherty*, 983 F.2d 1267, 1273 (3d Cir. 1993). Marchetti-Brock alleges Mayor Kenney twice promoted a man to lead the Department of Labor instead of her in a span of about one year. (Compl. ¶¶ 26–39, 61–72.) She says she was more qualified and experienced than the men. (*Id.* ¶¶ 37, 71.) Mayor Kenney's chief of staff admitted one of the men had no relevant experience. *See* (*id.* ¶ 70). And the chief of staff also said that at least one of Mayor Kenney's promotion decisions had nothing to do with Marchetti-Brock's performance. (*Id.* ¶ 66.) Finally, Mayor Kenney allegedly stated he wanted a man, not a woman, to lead the Department of Labor. (*Id.* ¶ 31.) These allegations permit the reasonable inference Mayor Kenney refused to promote Marchetti-Brock on the basis of sex.

The City responds that Marchetti-Brock fails to allege Mayor Kenney is a policymaker. (Def.'s Reply in Supp. of Mot. to Dismiss at 7, Dkt. No. 14.) But as explained, she alleges sufficient facts to permit the reasonable inference Mayor Kenney had final, unreviewable authority to promote individuals within the Department of Labor. *See, e.g.*, (Compl. ¶ 66).

The City also invokes *Wright v. City of Philadelphia*, 685 F. App'x 142 (3d Cir. 2017), arguing it did not have a "standard operating procedure" of engaging in sex discrimination. *Id.* at 147 (citation omitted); (Def.'s Reply in Supp. of Mot. to Dismiss at 8.) But this argument goes to whether the City maintained an unconstitutional custom, not whether Mayor Kenney refused to promote Marchetti-Brock because of her sex.

B

Marchetti-Brock next claims the City maintained an unconstitutional custom of tolerating sex discrimination in the Department of Labor. (Pl.'s Mem. of L. in Supp. of Opp'n to Def.'s Mot. to Dismiss at 12.) To state such a claim, she must show a city policymaker knew, or should have known, of an unconstitutional custom and failed to remedy it. *Andrews*, 895 F.2d at 1480–81; *Beck v. City of Pittsburgh*, 89 F.3d 966, 973 (3d Cir. 1996). An unconstitutional custom requires a prior pattern of widespread and pervasive unconstitutional conduct. *Brewington v. Keener*, 902 F.3d 796, 801–02 (8th Cir. 2018); *see also McCoy v. City of Philadelphia*, No. 21-1458, 2026 WL 767139, at *2 (E.D. Pa. Mar. 18, 2026).

Marchetti-Brock fails to allege an unconstitutional custom. She states the City failed to promote her, and Merenda subjected her to a hostile work environment, because of sex and the City fired another woman, Mariela Suarez, who complained Merenda discriminated against her on the basis of sex. (Pl.'s Mem. of L. in Supp. of Opp'n to Def.'s Mot. to Dismiss at 11.) But "[t]hree instances" of alleged discrimination do not show a "widespread unconstitutional practice so well-settled that it constitutes a custom." *Hildreth v. Butler*, 960 F.3d 420, 427 (7th Cir. 2020).

6

*Bologna v. Krasner*, No. 24-3185, 2025 WL 1762101 (E.D. Pa. June 25, 2025),

does not alter this conclusion.  There, Joseph Bologna alleged the Philadelphia District

Attorney's Office had an unconstitutional custom of prosecuting police officers without

probable cause.  *Id.* *2.  And in support of this claim, he pointed to seven cases (one of

which was his own) where District Attorney Larry Krasner allegedly brought criminal

charges against officers without probable cause.  *Id.* at *5–6.  Unlike *Bologna*,

Marchetti-Brock points to three incidents of alleged discrimination, two of which

involved her.  She responds that "[o]ther employees have [also] complained of sex

discrimination" to the City.  (Compl. ¶ 99.)  But this vague, conclusory allegation does

not change the calculus.  *Iqbal*, 556 U.S. at 678.

IV

A court should "freely give leave" to amend "when justice so requires."  Fed. R.

Civ. P. 15(a)(2).  If a "civil-rights complaint fails to state a claim," a court "must grant

leave to amend the complaint unless amendment would be futile or inequitable."

*Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018).  Amendment is

futile if no new facts could fix the original complaint's problems.  *Jablonski v. Pan Am.*

*World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).  And amendment is inequitable if

the plaintiff unduly delays, shows bad faith or if amendment would unfairly prejudice

the defendant.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir.

2001).

It would not be futile for Marchetti-Brock to amend her custom-based *Monell*

claim.  She could allege facts to fix the problems with that claim and amendment would

not be inequitable.  Marchetti-Brock did not unduly delay or show bad faith and

7

amendment would not prejudice the City. If Marchetti-Brock amends, the City will have to defend against the same claim, just based on additional facts.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.