**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MONICA MARCHETTI-BROCK,

           Plaintiff

        v.

CITY OF PHILADELPHIA,

           Defendant

CIVIL ACTION

NO. 2:25-cv-06792-GJP

JUDGE GERALD J. PAPPERT

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant City of Philadelphia ("the City"), by and through the undersigned counsel, hereby answers the Complaint of Plaintiff Monica Marchetti-Brock ("Plaintiff") and asserts its Affirmative Defenses as follows:

**I.      INTRODUCTION**

Denied.  The allegations in these paragraphs constitute conclusions of law to which no response is required.

**II.     PARTIES**

1.     Admitted upon information and belief.

2.     Admitted.

3.     Admitted.

4.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

5.     Admitted upon information and belief.

6.     Admitted.

7.     Denied.

1

8.      Denied.

9.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

10.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

11.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

12.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

## III.      JURISDICTION AND VENUE

10.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.[1]

11.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

12.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

13.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

14.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

---

[1]  The numbering of paragraphs in Plaintiff's Complaint is out of order.  By way of convenience, the City responds to each paragraph in the way in which it appears in the Complaint.

15.     Admitted in part; denied in part.  It is admitted only that, on or about May 7, 2024, Plaintiff filed a Charge of Discrimination with the Philadelphia Commission on Human Relations ("PCHR") that was dual filed with the Equal Employment Opportunity Commission ("EEOC"). The remainder of the allegations in this paragraph constitute conclusions of law to which no response is required.

16.     Admitted in part; denied in part.  It is admitted only that, on or about May 8, 2024, Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") that was dual filed with the EEOC.  The remainder of the allegations in this paragraph constitute conclusions of law to which no response is required.

17.      Admitted in part; denied in part.  It is admitted only that, on or about September 5, 2025, Plaintiff received a Notice of Right to Sue.  The remainder of the allegations in this paragraph are denied.

18.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

IV.     **FACTUAL ALLEGATIONS**

19.     Denied.

20.     Denied as stated.

21.     Denied.

22.     [sic] Admitted.

23.     [sic] Admitted.

24.     [sic] Admitted.

25.     Admitted.

26.     Admitted.

27.     Denied.

28.     Admitted.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.  The referenced email is a written document that speaks for itself.  The City denies Plaintiff's characterization of the email and the remaining allegations in this paragraph.

33.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

34.     Denied.

35.     Admitted in part; denied in part.  It is admitted only that Plaintiff remained First Deputy following Lazer's departure.  The remainder of the allegations in this paragraph are denied.

36.     Admitted in part; denied in part.  It is admitted only that the City hired Merenda as Director of Labor.  The remainder of the allegations in this paragraph are denied.

37.     Denied.

38.     Denied.

39.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

40.     Admitted.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     The City responds to each subparagraph individually as follows:

   a.   After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph. Therefore, they are denied.

   b.   After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph. Therefore, they are denied.

   c.   After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph. Therefore, they are denied.

   d.   After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph. Therefore, they are denied.

   e.   After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph. Therefore, they are denied.

f.  After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph.  Therefore, they are denied.

g.  After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph.  Therefore, they are denied.

h.  After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph.  Therefore, they are denied.

i.  After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph.  Therefore, they are denied.

j.  After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph.  Therefore, they are denied.

k.  After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph.  Therefore, they are denied.

l.  After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph.  Therefore, they are denied.

m. After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph. Therefore, they are denied.

n. After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this subparagraph. Therefore, they are denied.

52. Denied.

53. Denied.

54. Admitted in part; denied in part. It is admitted only that, in April 2023, Plaintiff met with Kane. The remainder of the allegations in this paragraph are denied.

55. Denied as stated.

56. Denied as stated.

57. After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

58. Denied as stated.

59. Denied.

60. Denied.

61. After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

62. Admitted.

63. Denied.

64. Denied.

65.   Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

66.   Denied.

67.   Denied.

68.   [sic] Admitted in part; denied in part.  It is admitted only that DiVirgilio was hired as Director of Labor.  The remainder of the allegations in this paragraph are denied.

69.   [sic] Denied as stated.

70.   Denied.

71.   [sic] Denied.

72.   [sic] Denied.

73.   Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.   The referenced email is a written document that speaks for itself.  The City denies Plaintiff's characterization of the email and the remaining allegations in this paragraph.

79.   The referenced email is a written document that speaks for itself.  The City denies Plaintiff's characterization of the email and the remaining allegations in this paragraph.

80.   The referenced letter is a written document that speaks for itself.  The City denies Plaintiff's characterization of the email and the remaining allegations in this paragraph.

81. The referenced email is a written document that speaks for itself. The City denies Plaintiff's characterization of the email and the remaining allegations in this paragraph.

82. Admitted.

83. Denied as stated.

84. Denied.

85. Denied.

86. Denied

87. Denied.

88. [sic] Admitted in part; denied in part. It is admitted only that Mr. DiVirgilio was not involved in the decision to terminate Plaintiff's employment. The remainder of the allegations in this paragraph are denied.

89. Denied.

90. The referenced letter is a written document that speaks for itself. The City denies Plaintiff's characterization of the email and the remaining allegations in this paragraph.

91. Denied.

92. After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

93. Denied.

94. After reasonable investigation, the City lacks sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

95. Denied.

96. Denied.

97. Denied.

98.    Denied.

99.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

100.    Admitted.

101.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

102.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

108.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

109.    The City lacks sufficient knowledge and/or information to admit or deny the allegations in this paragraph.  Therefore, they are denied.

110.    Denied.

111.    Denied.

## COUNT I – TITLE VII

112. The City incorporates the previous paragraphs as if fully set forth at length herein.

113. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

114. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

115. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

116. Denied.

117. Denied.

118. Denied.

## COUNT II – SECTION 1983

119. The City incorporates the previous paragraphs as if fully set forth at length herein.

120. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

121. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

122. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

123. Denied.

## COUNT III – PHRA

124.    The City incorporates the previous paragraphs as if fully set forth at length herein.

125.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

## COUNT IV – PFPO

131.    The City incorporates the previous paragraphs as if fully set forth at length herein.

132.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

133.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

134.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required.

135.    Denied.

136.    Denied.

137.    Denied.

## GENERAL DENIAL

The City denies each and every allegation in Plaintiff's Complaint not specifically admitted.

## THE CITY'S PRAYER FOR RELIEF

**WHEREFORE**, having fully answered and responded to the allegations of Plaintiff's Complaint, the City respectfully requests that:

(1)    Plaintiff's claims be dismissed with prejudice and in their entirety;

(2)    Each and every prayer for relief contained in the Complaint be denied;

(3)    Judgment be entered in favor of the City;

(4)    All costs, including reasonable attorneys' fees, be awarded to the City and against Plaintiff pursuant to applicable laws; and

(5)    The City be granted such other relief as this Court may deem just and proper.

**WHEREFORE**, the City respectfully requests that this Honorable Court enter judgment dismissing the Complaint of Plaintiff, with prejudice.

## AFFIRMATIVE DEFENSES

The City asserts the following affirmative defenses. The City reserves the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during discovery.

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

13

## Second Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations or other applicable rules, statutes, or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

## Third Affirmative Defense

Plaintiff has waived any and all alleged rights to the relief sought in the Complaint.

## Fourth Affirmative Defense

The City acted at all times in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

## Fifth Affirmative Defense

The City exercised reasonable care to prevent and promptly eliminate any discriminatory and/or retaliatory conduct in the workplace.

## Sixth Affirmative Defense

At all times relevant, the City had in place and continues to have in place policies expressly prohibiting all forms of discrimination and retaliation in the workplace. These policies contain effective complaint procedures and non-retaliation provisions and are adhered to by the City. To the extent Plaintiff experienced or believes she experienced discrimination and/or retaliation of any kind, her claims are barred, in whole or in part, due to any unreasonable failure to avail herself of the preventative and remedial measures made available to her by the City.

## Seventh Affirmative Defense

Plaintiff's damages are reduced in whole or in part under the doctrine of after acquired evidence.

14

### Eighth Affirmative Defense

Plaintiff's damages may be barred by the doctrines of laches, waiver, estoppel, and unclean hands.

### Ninth Affirmative Defense

Plaintiff is not entitled to recover some or all of the damages alleged, including attorneys' fees.

### Tenth Affirmative Defense

Any alleged damages or losses, if any, were caused in whole or in part by Plaintiff's own acts, omissions, or conduct.

### Eleventh Affirmative Defense

Plaintiff failed, in whole or in part, to mitigate her damages.

### Twelfth Affirmative Defense

The City acted at all relevant times hereto with good faith and without any malicious intent and with reasonable justification for believing its actions were lawful.

### Thirteenth Affirmative Defense

Plaintiff's claims for punitive damages are barred because the alleged acts, occurrences, or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages as they do not evidence willful, wanton, malicious, or reckless actions by the City.

### Fourteenth Affirmative Defense

There is no factual or legal basis for the imposition of compensatory relief.

### Fifteenth Affirmative Defense

There is no factual or legal basis for the imposition of punitive damages.

15

## Sixteenth Affirmative Defense

Any claims made herein for compensatory and punitive damages are barred and/or limited and subject to the ADEA and the PHRA.

## Seventeenth Affirmative Defense

The City is protected by the doctrine of sovereign immunity.

**WHEREFORE**, Defendant, City of Philadelphia, prays that the Court enter judgment in its favor and against Plaintiff, including denying all claims for equitable relief, and dismissing all claims with prejudice, and awarding the City of Philadelphia its attorneys' fees, costs, and any other relief the Court deems just and proper.

Respectfully submitted,

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**


By:    /s/*Joshua D. Hill*
Joshua D. Hill (PA 93772)
Gaetan J. Alfano (PA 32971)
Hannah M. Franke (PA 332400)
1818 Market Street
Suite 3402
Philadelphia, PA 19103
Date:  May 20, 2026          *JDH@Pietragallo.com*
*HMF@Pietragallo.com*
(215) 320-6200  (Telephone)
(215) 981-0082 (Telecopy)

*Attorneys for Defendant, City of Philadelphia*

16

## CERTIFICATE OF SERVICE

I, Joshua D. Hill, Esquire hereby certify that on this 20th day of May 2026, a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint was served via CM/ECF upon all parties of record.

*/s/Joshua D. Hill*
Joshua D. Hill
Gaetan J. Alfano
Hannah M. Franke

*11904781*

17